UNITED STATES OF AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

DAVID A. SMITH,

    Plaintiff,

-v-                                            Case No. 17-CV-10095

MICHIGAN RECEIVABLE
MANAGEMENT, LLC;
HOESCH & VANDER PLOEG, P.L.C.;
and SCOTT MANCINELLI,

    Defendants.

## COMPLAINT – CLASS ACTION & JURY DEMAND

There are no related cases, except the state court lawsuit referenced herein.

### Introduction

1. David A. Smith seeks redress for acts prohibited by the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), committed by Michigan Receivable Management, LLC ("MRM"); Hoesch & Vander Ploeg, P.L.C. ("HVP"), and Scott Mancinelli.

2. The FDCPA prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated."

*Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## Jurisdiction and Venue

7. This court has jurisdiction under 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331 and 1337.

8. The events described in this complaint occurred in this District.

## Parties

9. Plaintiff David A. Smith has resided in Westland, Michigan at all relevant times.

10. Defendant Michigan Receivable Management, LLC ("MRM") is a limited liability company organized under Michigan law. Its offices are at 9 East Main Ave., Ste. 3, Zeeland, MI 49464-1766. Its registered agent is Timothy A. Hoesch, a member of HVP. It was chartered August 12, 2014.

11. MRM states on its web site that "Our primary business is the purchase and legal collection of unpaid Michigan consumer debt and business accounts receivable. . . ." (http://michrm.com/)

12. The debts are all delinquent debts as opposed to current debts. MRM states on its web site (http://michrm.com/consumer-resources/#debt-acquisition): "Mich RM is always looking for opportunities from credit issuers and businesses who wish to recover on unpaid accounts receivable, charged-off debts, under-performing consumer loans and credit card accounts. . . . ."

13. MRM further states: "All of the debt purchased by Mich RM is placed for immediate collection with Hoesch & Vander Ploeg, P.L.C. – 'HVP' – a law firm that specializes in debt collection in the state of Michigan. Hoesch & Vander Ploeg's experienced staff will work with you to help you manage your debt and reclaim your independence. . . . "

(http://michrm.com/about/)

14. MRM uses the mails and telephone system in conducting such activities.

15. MRM is a debt collector as defined in the FDCPA.

16. Defendant Hoesch & Vander Ploeg, P.L.C. ("HVP"), is a law firm organized as a Michigan professional limited liability company. Its offices are at 9 East Main Ave., Ste. 3, Zeeland, MI 49464-1766.

17. Among the practice areas of HVP is "efficient collection law representation." (http://hvplaw.com/collection-law/4973221)  The same web site continues: "Consumer/Retail Collections [¶]  At HVP we work with each client to design a program in skip tracing, asset searches, collateral recovery, file reporting and accounting procedures, and, when necessary the filing of legal action anywhere in Michigan where a debtor or debtor's assets may be located. . . .  HVP provides comprehensive consumer collections services including the following: •  Skip Tracing •  Asset Searches •  Pre-suit Collections – Demand Letters •  Collateral Recovery – Claim & Delivery •  First Party Collections •  Demand Letter Program".  (*Id.*)

18. HVP uses the mails and telephone system in conducting such activities.

19. HVP is a debt collector as defined in the FDCPA.

20. Defendant Scott Mancinelli is a member of Hoesch & Vander Ploeg, P.L.C.  He states that he practices consumer debt collection and creditors' rights law.

21. Mancinelli uses the mails and telephone system in conducting such activities.

22. Mancinelli was personally involved in the collection activities directed against plaintiff, as set forth below.

23. Mancinelli is a debt collector as defined in the FDCPA.

24. MRM purchases consumer debts for an average of less than ten cents on the dollar.

**Facts**

25. On or about October 24, 2016, MRM, represented by HVP, sued David A. Smith in the 18th Judicial District of the state of Michigan, case no. 1656361.   A copy of the

complaint and related documents is attached as <u>Appendix A</u>. Mancinelli signed the complaint and summons.

26. The suit seeks collection of an alleged debt that was incurred (if at all) for personal, family or household purposes and not for business purposes. MRM claimed to have purchased such debt.

27. The documents attached to the complaint show that the alleged debt was continually in default since no later than June 2010.

28. No payments were made on the debt after a date no later than June 2010.

29. The applicable statute of limitations on the debts purchased by MRM and enforced by HVP and Mancinelli is not more than six years. M.C.L.A. 600.5807

30. MRM has a financial incentive to purchase older debts as opposed to recent debts, in that older debts are significantly cheaper.

31. It is a violation of 15 U.S.C. §1692e, 1692e(2) and 1692e(10) to file or threaten lawsuits on out-of-statute debts. *McMahon v. LVNV Funding, LLC,* 744 F.3d 1010 (7th Cir. 2014); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013); *Buchanan v. Northland Group, Inc.*, 776 F.3d 393 (6th Cir. 2015).

32. On information and belief, defendants calculate the statute of limitations as running from the "charge off date" and not the date a contract was breached by failure to make timely payments. This allegation is based on the facts that (a) the only dates alleged in the state court complaint were the origination date and the charge off date and (b) pages describing plaintiff's alleged debt and attached to the collection complaint (in <u>Appendix A</u>) contain entries for the origination date and the "CO date," but no other date.

33. Federal banking regulations require public and insured financial institutions to cease carrying delinquent receivables as valid assets on their books when they are 180 days past due (open end credit, such as credit cards and lines of credit) or 120 days past due (closed end credit, such as retail installment contracts). This is what is known as "charge off," and is required in order to prevent financial institutions from appearing to be in

better financial condition than they are, thereby misleading investors and bank examiners. Federal Financial Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 65 FR 36903 (June 12, 2000).

34. The relationship of the charge off date to the date of contractual default is that the charge off date is 30 to 180 days later than the date of default.

35. It is improper to simply take the charge off date to compute the statute of limitations date, although one may infer that the statute of limitations begins running a number of months prior to the charge off date.

36. Defendants filed suit against plaintiff just under 6 years from the charge off date, but well over 6 years from the alleged date of contractual default.

37. 15 U.S.C. §§1692e, 1692e(2), and 1692e(10) prohibit false or misleading representations in the course of debt collection, including a "false representation of... the character, amount, or legal status of any debt," or "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

## COUNT ONE – FDCPA – CLASS CLAIM

38. Plaintiff incorporates paragraphs 1-37.

39. Because defendants made false representations in the course of a debt collection lawsuit they brought against David A. Smith (as alleged in this complaint), Unifund violated the FDCPA.

40. David A. Smith was forced to defend against a lawsuit that had no proper foundation, causing damage and annoyance.

### Class Allegations

41. Plaintiffs bring this action on behalf of a class and subclass under Fed.R.Civ.P. 23(a) and (b)(3).

42. The class includes (a) all individuals (b) against whom HVP filed a collection lawsuit in Michigan, (c) where the date of last payment was more than 6 years prior to the date of the filing of the lawsuit, and (d) the suit was brought at any time between a date one year

      prior to the filing of this action and a date 21 days after the filing of this action. The subclass includes class members where the plaintiff was MRM.

43. The members of the class are so numerous that joinder of all is not practicable. On information and belief, there are at least 40 individuals in the defined class.

44. There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. The predominant common questions are (A) how defendants compute the statute of limitations when filing collection lawsuits and (B) whether doing so results in systematic filing of time-barred lawsuits.

45. Plaintiff's claim is typical of the claims of the class members, as it is based on the same facts and legal theories.

46. Plaintiff will fairly and adequately represent the class members, and has retained counsel experienced in class actions and FDCPA litigation.

47. A class action is superior for the fair and efficient adjudication of this matter, because (A) individual actions are not economically feasible, (B) members of the class are likely to be unaware of their rights, and (C) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## Demand For Judgment

ACCORDINGLY, plaintiff respectfully requests that the Court:

a. Assume jurisdiction over all claims,

b. Award statutory damages,

c. Award actual damages as incurred by plaintiff and class members,

d. Award statutory costs and attorney fees, and

e. Provide all other proper relief.

## Demand for Jury Trial

Plaintiff respectfully demands trial by jury.

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By: s/ Adam G. Taub
Adam G. Taub (P48703)
17200 West 10 Mile Rd. Suite 200
Southfield, MI 48075
(248) 746-3790
adamgtaub@clgplc.net

s/ Daniel A. Edelman
Daniel A. Edelman
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
Email: courtecl@edcombs.com

T:\33560\Pleading\Complaint_Pleading.wpd